GEORGIA,
Chatham Co.
DEC. 1809.

Young et al.
vs.
Ex'r. of Baker.

*Minutes of Superior Court, letter G. p.* 251.

*Chambers, December* 2, 1809.

THOMAS YOUNG *et al.*

*vs.*

The EXECUTOR of BAKER.

APPEAL.

By *Charlton*, Judge.

IT appears from the minutes of the court, that this case was, by consent of counsel, placed upon the appeal docket; and from that docket it appears, that during the vacation which preceded the last Superior Court of *Liberty*, one of the attorneys for the plaintiff in execution, ordered the levy to be withdrawn, upon which this appeal is predicated, and at the same time renewed the execution.

The primary question is, therefore, whether this cause, having been entered as an appeal case, can be withdrawn without the consent of *all parties.* That part of the judicial act which relates to this point is in these words, "no person shall be allowed to withdraw an appeal, after it shall be entered, but by consent of parties." Mar. and Crawf. Dig. 300. *Noel*, for the plaintiffs in execution contended, that this inhibition extended only to the control which the defendant might possess over *his* appeal, which *he* had entered for the purpose of delay; for, in that case the plaintiff would for the frivolous and vexatious procrastination of the case, recover damages in addition to the debt sued for; and that therefore under such a train of circumstances it would be repugnant to justice and the intention of the act, to permit a defendant to withdraw his appeal without the consent of the plaintiff; but he thought that the plaintiff could, without any violation of the spirit of the act, withdraw his appeal, because he then

declares himself satisfied with the first verdict; the case is then, as finally concluded as if it had progressed to the verdict of a special jury; and as no vindictive damages could be recovered by the plaintiff, under *his own appeal*, what force was there in the argument *ab inconvenienti?* where would be the oppression imposed on the defendant in permitting the plaintiff to exercise the right over his own appeal? there is certainly much of sound sense and reasoning in this argument of my brother, *Noel;* under such a combination of circumstances the law ought to permit the plaintiff to withdraw his appeal; over the appeal of the defendant he can, of course, have no control.

<div style="float:right">GEORGIA,<br>Chatham Co.<br>Dec. 1809.<br>Young et al.<br>vs.<br>Ex'r. of Baker.</div>

When the law is vague, inconclusive, and indefinite, it is competent for the court to seek for its true import, upon the principles of justice, of reason, and intention : but when the legislature speaks in a language which cannot be misunderstood, it is then the duty of the judge, *jus dicere*, to declare what the law is, and to obey its plain unequivocal mandates, provided they are confined within the limits of the constitution.    On the subject of appeals, the law declares " that no person shall be allowed to withdraw an appeal after it shall be entered, but by the consent of parties."    The parties to a suit, are plaintiff and defendant, without the consent of the defendant, therefore, in this case, this appeal cannot be withdrawn; such is the law. Besides, it would be difficult to apply Mr. *Noel's* argument to this particular case, for as it was entered by consent, it became as much the appeal of the defendant, as the plaintiff.    The compact is this, "*ut sit finis litis*, we agree to waive the first verdict, and to abide by the conclusive determination of a special jury."    If this appeal then, can in any point of view, be considered as the appeal of the defendant, *ex concessis*, of counsel, on all sides, it cannot be withdrawn by the plaintiff.    As to the other point, whether the original record which appears to have been lost in the clerk's office can be supplied on the motion of the defendant? I have no difficulty in saying it can.

GEORGIA,
Chatham Co.
DEC. 1809.

Young et al.
vs.
Ex'r. of Baker.

It is therefore ordered, that this cause do stand upon the appeal docket for trial, and that the original record, which is said to have been lost, be restored, according to the practice of this court.

*Noel* and *Stites*, for plaintiff in execution.
*Harris*, for claimant.